**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Trustees of the Regional Council of Carpenters Pension Fund, Welfare Fund and Apprentice & Trainee Program Fund, | ) ) ) ) | No. 08 C 359 |
| v. | ) ) ) | Judge Gottschall Magistrate Judge Valdez |
| Longshore/Daly, Inc. | ) | |

**Defendant's Answer and Affirmative Defenses to Plaintiffs' Complaint**

NOW COMES the Defendant, Longshore/Daly, Inc. ("Longshore") by its attorneys, Anderson & Moore, P.C., and for its answer to Plaintiffs' complaint, states as follows:

**Complaint No. 1:**

This action arises under Section 502 of the Employee Retirement Income Security Act ("ERISA") (29 U.S.C. §§1132) and Section 301(a) of the labor Management Relations Act of 1947 ("LMRA"), as amended 29 U.S.C. §185(a). Jurisdiction is founded on the existence of questions arising thereunder.

**Answer:**

Longshore admits the existence of the referenced statutes and admits the jurisdiction of this Court. Longshore denies all remaining allegations.

**Complaint No. 2:**

The CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION FUND, the CHICAGO REGIONAL COUNCIL OF CARPENTERS WELFARE FUND and the CHICAGO REGIONAL COUNCIL OF CARPENTERS APPRENTICE AND TRAINEE PROGRAM ("Trust Funds") receive contributions from numerous employers pursuant to Collective Bargaining Agreements between the employers and the CHICAGO REGIONAL COUNCIL OF CARPENTERS, successor of the CHICAGO & NORTHEAST ILLINOIS DISTRICT COUNCIL OF CARPENTERS, ("Union"), and therefore, are multiemployer plans. (29 U.S.C. §1002). The Trust Funds are administered at 12 East Erie Street, Chicago, Illinois and venue is proper in the Northern District of Illinois.

**Answer:**

Longshore admits the existence of the fund and admits that venue is proper.

**Complaint No. 3:**

The Defendant is an employer engaged in an industry affecting commerce which entered into Agreements which require Defendant to pay fringe benefit contributions to the Trust Funds.

**Answer:**

Longshore generally admits the allegations set forth in Paragraph 3 of the Plaintiffs' complaint but denies that it is responsible for the delay of which Plaintiff now complains.

**Complaint No. 4:**

Delinquent employers are required to pay, in addition to the amounts determined to be due, reasonable attorney fees, court costs, audit fees and other reasonable costs incurred in the collection process.

**Answer:**

Longshore admits that employers are sometimes required to pay the items set forth in Paragraph 4 of the complaint. Longshore denies such fees and costs should be imposed in this case because the Plaintiff caused much of the delay of which it now complains. Longshore denies all remaining allegations.

**Complaint No. 5:**

The Defendant must submit monthly reports listing the hours worked by its carpenter employees ("contribution reports") and to make concurrent payment of contributions to the Trust Funds based upon the hours worked by its carpenter employees.

**Answer:**

Longshore admits the allegations set forth in Paragraph 5 of the Plaintiffs' complaint.

**Complaint No. 6:**

The Defendant breached the provisions of the Collective Bargaining Agreement and Trust Agreements by failing to submit contribution reports to the Trust Funds for the period December 2007 through present.

**Answer:**

Longshore denies the allegations set forth in paragraph 6 of Plaintiffs' complaint.

**Complaint No. 7:**

The Defendant breached the Collective Bargaining Agreement and Trust Agreements by failing to pay fringe benefit contributions in the amount of $195,283.03 for the period October 2007 through December 2007 and liquidated damages on these unpaid amounts and on previously paid amounts.

**Answer:**

Longshore admits that it was working with the downtown union representative to make time payments and would have made the payments had the local business agent not improperly interfered with Longshore's construction contract thereby causing the general contractor to delay payment on Longshore's contract and prevent Longshore from paying its benefit contributions. Longshore further denies that the amount set forth in paragraph 7 of the Plaintiffs' complaint is accurate and denies all remaining allegations.

**Complaint No. 8:**

Plaintiffs have complied with all conditions precedent in bringing this suit.

**Answer:**

Longshore lacks sufficient knowledge to form a belief as to the truth or falsity of this allegation and therefore denies the allegations set forth in Paragraph 8 of Plaintiffs' complaint.

**Complaint No. 9:**

Plaintiffs have been required to employ the undersigned attorneys to collect the monies that

may be found to be due and owing from Defendant.

**Answer:**

Longshore denies the allegations set forth in Paragraph 9 of Plaintiffs' complaint.

**Complaint No. 10:**

Defendant is obligated to pay the attorney fees and court costs incurred by the Plaintiffs pursuant to 29 U.S.C. §1132(g)(2)(D).

**Answer:**

Longshore admits the existence of the statute set forth in Paragraph 10 of Plaintiffs' complaint but denies that it should be ordered to pay Plaintiff's fees and costs.

**Complaint No. 11:**

Pursuant to 29 U.S.C. §1132(g)(2)(B), the Plaintiffs are entitled to interest on any monies that may be found to be due and owing from the Defendant.

**Answer:**

Longshore admits the existence of the statute set forth in Paragraph 11 of Plaintiffs' complaint but denies that it should be ordered to pay Plaintiff interest.

**Complaint No. 12:**

Pursuant to 29 U.S.C. §1132(g)(2)(C), Plaintiffs are entitled to an amount equal to the greater of:

a)   double interest on the unpaid contributions; or
b)   interest plus liquidated damages provided for under the Trust Agreements no in excess of 20% of amount that is due.

**Answer:**

Longshore admits the existence of the statute set forth in Paragraph 12 of Plaintiffs' complaint but denies that Plaintiff is entitled to the requested relief.

**Complaint No. 13:**

Pursuant to the Trust Agreements, Plaintiffs are entitled to liquidated damages at the rate of 1.5% compounded monthly.

**Answer:**

Longshore lacks sufficient knowledge to form a belief as to the truth or falsity of this allegation and therefore denies the allegations set forth in Paragraph 13 of Plaintiffs' complaint.

WHEREFORE, Plaintiffs pray:

- a) That the Defendant be ordered to submit fringe benefit reports and contributions for the months December 2007 through present.
- b) That the Plaintiff be allowed to submit an estimate of the amount of contributions due should the Defendant fail to submit the reporting forms.
- c) That the Defendant be ordered to pay $195,283.03 representing contributions for the period October 2007 through December 2007.
- d) That the Defendant be ordered to pay liquidated damages pursuant to the Trust Agreements.
- e) That the Defendant be ordered to pay interest on the amount that is due pursuant to 29 U.S.C. §1132(g)(2)(B).
- f) That the Defendant be ordered to pay interest or liquidated damages on the amount that is due pursuant to 29 U.S.C. §1132(g)(2)(C).
- g) That the Defendant be ordered to pay the reasonable attorney's fees and costs incurred by the Plaintiffs pursuant to the Trust Agreements and 29 U.S.C. §1132(g)(1)(D).
- h) That Plaintiffs have such other and further relief as by the Court may be deemed just and equitable all at the Defendant's costs pursuant to 29 U.S.C. §1132(g)(2)(E).

**Answer:**

Defendant denies that Plaintiff is entitled to the requested relief.

## Affirmative Defenses

1. Before Plaintiff interfered with Longshore's construction contract, Longshore was filing reports and making benefit contribution payments.

2. On repeated occasions, Plaintiff, through its local Business Manager, appeared at Longshore's job site, pulled the workers off the job, obstructed the progress of the work and damaged Longshore's relationship with the general contractor.

3.    Longshore is dependent on the general contractor's payments and cannot pay its benefit contributions unless Longshore is paid by the general contractor.

4.    On February 25, 2008, Plaintiff faxed a notice to Longshore's general contractor telling the general contractor not to pay Longshore. A copy of the notice is attached as Exhibit A.

5.    In accordance with Plaintiffs' notice, the general contractor refused to pay Longshore. Since Longshore did not get paid, Longshore could not pay its benefit contributions.

6.    Had Plaintiff not improperly interfered with Longshore's construction contract, the general contractor would have paid Longshore and Longshore would have paid its benefit contributions.

7.    Under the circumstances, Plaintiff should be estopped from complaining of Longshore's delay in making its benefit contribution payments because Plaintiff caused the very delay of which it now complains.

WHEREFORE, Defendant Longshore respectfully requests that Plaintiffs' complaint be dismissed and/or that judgment be entered against Plaintiff and in favor of Defendant Longshore and that Defendant Longshore be awarded its attorney's fees and costs and such further relief as the Court deems equitable and just.

Respectfully submitted,

s/Thomas S. Moore
One of Defendants' Attorneys

Thomas S. Moore - 23204
Jane F. Anderson - 19548
Anderson & Moore, P.C.
111 West Washington Street
Suite 1100
Chicago, Illinois 60602
312/251-1500

**Certificate of Service**

I hereby certify that on _____, I electronically filed Longshore/Daly, Inc.'s Answer to Plaintiffs' Complaint with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

>Daniel P. McAnally
>Whitfield & McGann
>111 e Wacker Drive, Suite 2600
>Chicago, IL   60601

>Respectfully Submitted:
>
>s/Thomas S. Moore
>Anderson & Moore
>111 West Washington St.
>Suite 1100
>Chicago, IL   60602